Judge Logan
pronounced the opinion of the court.
The appellees exhibited their bill to recover from Cleveland the legal title to a certain tract of land previously sold by him. Cleveland defends upon the ground of surplus land, for which he had not been paid:
The sales were of several parcels, under two contracts, One entered into in September. 1796, and the other in September, 1799. By the first contract, Cleveland sold “all that tract or parcel of land contained in a survey of 442 acres, granted to himself; and also a small parcel, part of a tract of land adjoining, containing about 20 acres, on the east side of Boone’s creek, which he purchased of Win. Triplett, the whole including the said Cleveland’s mill, ware houses, &c.” ill consideration of Z2000, payable as therein expressed. And by the second contract, he sold “that parcel of land” adjoining the farm, bounded specially by certain trees and objects therein mentioned, at $15 per acre. Upon this sale he received payment for 33 \ acres. And whether there is any surplus in this piece, is neithef alledged nor proved: so that it remains only to examine the ground set up in relation to the first contract. It is averred in the answer, that there are 161 acres of surplus. How far the evidence supports this statement, is not material to enquire; because we have no doubt, from the contract, that Cleveland sold the whole tract for the consideration given; The sale was of uall that tract or parcel of land contained in a survey of 442 acres,” granted to himself: and also of a parcel adjoining. What parcel? it may be asked. The answer must be, that purchased of Wm. Triplett, lying on the east side of Boone’s creek, containing about 20 acres.
Those parcels were obviously sold as composing one entire tract, described by the survey and the purchase, for the aggregate amount in the contract specified. The seller *194 ftjay not only be presumed with propriety to understand Fetty the extent of his own survey upon which he had made valuable improvements, but even to have induced expectations of a surplus by a sale in gfoss; which, after-v;ar(]S) t[,us to oppose because of the excess, would be as unjust, as it evidently departs from the nature of the sale, The sale, in fine, was in consideration of 12000, of aU his contained in a particular survey, and of his purchase Triplitt on the east side of the creek; and he was therefore rightly decreed to convey it.
Wickliffe for appellant, Haggin for appellee.
The decree must he affirmed with cost.