Judge Buckner
delivered the opinion of the Court.
On the 26th of July, 1826, Jane Wilej sold and conveyed by deed, with general warranty, to Fitzpatrick, a tract of land described in said deed, as containing one hundred acres. The sale was made at §4 per acre; but the (Fed docs not specify the price. It states that il was “for a valuable consideration.” Of the price, $200 were then paid; and a note executed for the remainder, payable on the 1st of March, 1828.
Wiley claimed the land sold to Fitzpatrick, under a deed executed to her by John Davis. It- was formerly the property of Joseph Davis, deceased; Who had devised the whole of an original tract, of which this was a part, to his three sons, John, Robert and William Davis.- Upon a survey of the land conveyed by the appellant to the appellee, it was ascertained, that instead of one hundred acres, the? deed embraced-seventy-eight and a half only; and that of said seventy-eight and a half acres, twenty-three and three-fourths of an acre had been allotted to the heirs of Said William Davis, by a decree of the Madison circuit court, which has been affirmed by this court. Deducting therefore, the twenty-three and three-fourth acres, there remained only fifty-four and three-fourth acres, for which the appellant was able to convey a valid title.
William Davis had died previous to said division, leaving his interest in said land to his three children, ■and to his widow, who has since intermarried with Thomas Helm.
When the note became due, Wiley instituted a suit on it, and recovered'judgment; whereupon, the ap-pellee filed his bill in chancery, praying for general relief, and for an injunction against the judgment, which was obtained. He sets forth those facts in his bill; and charges that on the sale, the appellant represented the tract sold to him, as containing one hun- *583 ;ired acres, and.as clear of dispute; and that lie made the purchase under a confident belief of the truth of Rcr assertions. He charges also, that the appellant in low circumstances; has no property in the state of Kentucky, or demands, except the judgment aforesaid, and had removed with what property she owned, beyond the jurisdiction of this state.
Chancellor will not assume jurisdic» tion for purpose merely of ar essing damages. Where deed has been accepted by vendee, and he let into possession, no fraud having been practiced, altho’ there be defect of title, it is proper, as general rule, to leave vendee to his remedy at law. upon the covenant after eviction.
*583 He makes her, Helm and wife, and the heirs of William Davis, deceased, defendants, and prays that they may interplead, to settle the title to the said land.
Wiley, in her answer, states flint Fitzpatrick, at the time of the sale, knew where (he lines of the division mentioned in his bill were located; and denies that she sold the land by the acres, or made any representations to him respecting the quantity; or that he was ignorant about the dispute as to the title. That he lived adjoining the land, and knew all about it. She alleges that his possession of it had been uninterrupted; and denies that there was any deficiency in the number of acres. She insists that ho liad agreed to buy the land at the price of $400, risking the quantity. She makes no answer to the charge, that she was In low circumstances, and had with her effects removed out of the slate.
The proof in the cause shews, that the part of the tract, to whic.h the title was undisputed, was inferios' in quality, and value, to the twenty-three and three-fourth acres allotted to the heirs of William Davis; and that the appellee’s possession, to neither part had been disturbed; but that the oldest of the heirs, all of whom were minors, declared his intention of sue-ing for the part allotted to them, which Fitzpatrick had in possession. It also shews that the appellee, át the date of the purchase, lived on a tract adjoining the one purchased by him, of the appellant; but that at same time, a man, who acted as agent of the appellant, represented the land to the appellee, in her presence, as containing one hundred acres.
A court of chancery will not assume jurisdiction for the purpose merely of assessing damages. That is the province of a jury, in a court of common law; and where a deed has been accepted by the vendee, and he has been Jet into possession, no fraud having *584 been practiced, although there be defect of title, it is proper, as a general rale, to leave the party to bis rent" edy at law,u on the covenant, after an eviction. See the case of M Her vs Long, 111. Marshall. 336.
Mistake by vendor and vendee as to quantity of tract of land conveyed, cannot be rectified at law, and if deed contain no warranty except as title, forms proper subject for relief in equity.
The remedy which a court at law can afford in such cases, unless some extraneous circumstances intervene to prevent it. is fully adequate to all the demands of justice: and that is a sufficient reason, why a court of chancery will not interpose.
It ha« been insisted in this case, that as a deed was accepted with general warranty, and no eviction had occured, nor even suit commenced against the appel-lee, for any part of the land, he had no cause to complain. But it is oliviou--, that a court of common law is not competent to afford an effectual remedy. In-' stead of one hundred acres, the deed embraces only seventy.eight and a half acres. There is no proof in the cause, sustaining the assertion of the appellant, that the appellee agreed to take the tract at one hundred acres, risking the quantity. On the contrary, one witness swears, that the appellant’s agent, in her presence,.represented it to Fitzpatrick, as containing one hundred acres. It was probably a mistake by both parties. But the mistake cannot be rectified at law. The deed contains no warranty, except as to title, and the error therefore forms a proper subject for the investigation, and relief of a court of chancery. There only, can the appropriate remedy be applied, considering that the contracting parlies labored under' a mistake; and fraud is not charged or proved.
As to that part of the land claimed by the heirs of William Davis, it is true, there has been no evictioni but the presumption of the validity of their claim, is verv strong: for l>y an acknowledgment of the complainant and Wiley, entered on the record of this suit, the fact is established that the Madison circuit court did make sucha decree as is alleged by complainant in his bill; and that it was affirmed on appeal to this court. The appellant was called upon to in-terplead, wilh Helm and wife, and the heirs of William Davis, to settle the difficulty as to title, which she declined to do.
/ Iu the case of M’Coy vs. Chiles, V. Monroe, 260, this court seemed to be of opinion, that where a deed *585 for land had been accepted, to which there was a dower claim unrelinquished, but which the grantor had promised should be relinquised, an injunction against a payment of a part of the purchase money, had been properly granted; although no fraud was proved, and the grantor insisted; winch was not denied; that his estate was amply sufficient, to indemnity the complainant against the contingent injury.
Where deed for land has been accepted, to which there is a dower claim unrelinquish-ed, but which grantor promised should be relinquished, it seems, an injunction against payment of part of purchase money,should be grunted.
Altho’ vendee has accepted deed, been let into possession and his possession uninterrupted, if vendor has removed out of . the state, and there is strong probability that vendor has no title to part of land, chancellor has jurisdiction to grant injunction against pay’t. of part of pur chase money,
In this case, the appellant has removed beyond the jurisdiction of this state, with the little property- she owns. To compel Fitzpatrick under such circumstances, and more especially as it is proper to entertain jurisdiction of the case to grant relief, in relation to the deficiency in the quantity of land; to part with the price of the twenty-three and three-fourth acres, ■would be manifestly unjust, unless Wiley can make a conveyance of a good title to the land.
Should Fitzpatrick be sued for the tw'enty-three and three-fourth acres, and evicted, his remedy, (if relief cannot be granted in this suit,) will be to pursue the appellant, if he can find her, into a foreign state; and when he may have obtained judgment, to levy his execution, upon property, if any can be found, of a person, who does not deny, that she is already in low circumstances.
But, although an eventual loss to Fitzpatrick, of a part of the tract is very probable, it is not absolutely certain, from any thing in the record. At what time, John Davis made the deed spoken of, to Wiley; and whether she was a party to the suit, in the Madison circuit court, in which the decree for the division was made, is not shewn. If she had bought from John Davis, previous to that suit, and was not a party to it, she cannot be bound by the decree rendered therein. She may be enabled to shew perhaps, that William Davis had sold to John Davis, her vendor, that part of the land claimed by the heirs. The heirs, therefore, were properly made parties to this bill, but no decree was prayed for against them, or Helm and wife; nor were all of them, brought before the circuit court by service of process.
The circuit court decreed that the injunction which had been granted, should be made perpetual, as to *586 (he sum 0f $¡181, of the judgment, stopping interest! hereon, from the day on which the note sued on became due; dud for so much of said judgment at law, as the costs recovered by Fitzpatrick in that court, in prosecuting this suit, would cover; to be taxed by the clerk; and as to the remainder of the judgment dissolved the injunction, with damages.
Goadloe, for plaintiff; Turner, for defendant»'
To reverse the decree, Wiley prosecuted this writ of error.
Had Fitzpatrick brought the proper parties before the court, and by a prayer in his bill compelled Helm and wife, and the heirs of William Davis, either to insist upon and exhibit their title, to the twenty-three and three-fourthacres,oryield it to him; the decree of the- circuit court would have been correct, as to the whole amount, irijoined; unless the claim conveyed to the appellee by Wiley, to that part of the land should have proved to be valid. But the contract between the appellant and appellee, should, as to said part, be rescinded, if Wiley’s claim for so much was invalid; as it was evidently unjust, to permit Fitzpatrick to hold the deed for it, and yet have (he injunction for the price of that part of the land perpetuated.
The decree of the circuit court must therefore be reversed, each paying his own costs in this court, with directions to dissolve the injunction for the price of said twenty-three and three fourth acres, without prejudice to Fitzpatrick’s claim at law in relation thereto,should he be evicted; and to permit the decree in other respects, to stand unaltered, unless the ap-pellee thinks proper to amend his-bill. If however, he moves for leave to do so, he should be permitted to amend, and to bring all the proper parties before the court, and to have such decree rendered, as may not be inconsistent with this opinion.