Chief Justice IIoeeh'esox,
delivered the opinion of the court.
On the 22d of June, 1813, Crane conveyed to Prather a tract of land in Pulaski, represented in the deed, as containing one hundred and twenty-nine acres.
On the 3d of May, 1893, Prather conveyed to Thompson the same tract, with the same boundary, and for the same quantity, as those designated in Crane’s deed to him. And on the22d September, 1824, Thompson conveyed it with the same description, and for the same *76 quantity, to three persons, who, in dividing it among themselves, ascertained that, instead of one hundred and twenty-nine acres, the boundary included only one hundred and five acres. Thompson’s vendees then claimed of him, and he of Prather, compensation for the deficit. And to avoid delay and multiplicity of suits, they agreed among themselves, that Prather should sue Crane, and that all parties concerned would abide the decision.
Where deed-contains no warranty of quantity, and land turns out less than described in i deed, chancellor has jurisdiction, on ground of mutual mistake, to decree restitution to vendee of surplus purchase money paid by him.
This suit in chancery was accordingly instituted by Prathér against Crane, for compensation for the deficit in the number of acres. Thompson and his vendees were made defendants, and the bill, after alleging the foregoing, and other material facts, averred that Pra-ther had never discovered, or apprehended, that there was any deficit, until the vendees of Thompson, in making partition of the tract, ascertained tire fact.
Crane does not respond directly to the allegation of mistake, hut requires proof of it. He objects to the jurisdiction of the chancellor, and relies on the lapse of time, as a conclusive bar to relief. The other defendants admit the allegations of the bill.
It having been sufficiently ascertained, that the boundary contained only one hundred and five acres, the circuit court decreed to Prather, the amount of the original consideration, for twenty-four acres, and legal interest upon it.
The chancellor had jurisdiction. There was no warranty of quantity. The tract was only described as containing one hundred and twenty-nine acres by survey. if, as is shown, there were not that number of acres, there was a material mistake, to the extent of which Prather was entitled to a restitution of the price which he had paid, The appropriate remedy in such a case, is a bill in chancery.
The conveyance of the land by Prather to Thompson, and by the latter to others, cannot affect the equitable claim of the former to relief against Crane. .Pra-ther is liable to Thompson, and he is, liable to his ven-dees. They are all parties and consent to the decree. To avoid circuity and delay, and settle the whole controversy at. once, the suit is brought in the most proper mode.
Limitation does not commence running, in chancery, until discovery of the fraud or mistake
The only question which presented any difficulty, is, whether the lapse of time shall bar the relief. Doubt-mg on this point, we ordered a supersedeas, but we are now satisfied, that the limitation will not apply. It is true,that the chancellor will, by analogy, apply fee limitation to a suit at law; and it ■ is equally radenia-ble, that a suit at law, which could be sustained, if at all, alone, on an implied assumpsit, to refund the amount paid through mistake, would be barred by the lapse of five years from the time of payment, 'because the cause of action accrued at that instant, But it is also true, that the chancellor will not invariably and inflexibly enforce the legal bar. He will look to the reason and object of the statute, and will not pervert its letter to the destruction of its spirit. And hence, in cases of fraud and mistake, he will not date the limitation at law, co-temporaneoasly with the fraud or mistake, hut will postpone its commencement until the discovery of the cause of complaint. The essence of fraud is coa-cealment, and that of mistake is ignorance, resulting from accident, or from confidence.
The chancellor would, therefore, reward the fraudulent, and punish the ignorant, by establishing any other rule, than that the limitation shall not commence before the discovery of the mistake, or the detection of the fraud. As the statute of limitations did not, in terms, apply to courts of equity, the chancellor adopted it with such qualifications as were deemed reasonable and consistent with its equity.
Supineness and negligence will not receive countenance in a court of equi ty. But if a complainant shall have filed his bill within a saving time after his discove- . ry of his claim to relief, and shall have made the discovery as soon as a man, of ordinary diligence could have been expected, by the use of reasonable means, to have made íí, he will not be barred merely because it might have been possible, to have detected the cause for complaint sooner than it was ascertained. One of the most fatal effects of fraud, is, that it conceals itself from its victim. If it should succeed in doing so until remedy at law for its perpetration, should be barred by time, this alone being one of the injurious consequences, and perhaps one of the aims of the fraud, should give io the, chancellor jurisdiction of.the case, for the purpose of relieving from the effects of the delusion-
Owsley, for plaintiff; Cunningham, for defendant.
The same reason does not apply with equal force, to mistakes. And it may be, and generally muA be dif-pcup. pr0VG satisfactorily, when the mistake wea discovered, and when it might have been ascertained by the exercise of ordinary vigilance. And hence, tho equitable qualification of the legal limitation, has not been applied as frequently to cases of mistake as to tho. :u of fraud. But it will apply in a proper care. This is such an one. Prather had the land surveyed before he bought it. The surveyor reported the quantity to be one hundred and twenty-nine acres. Neither party had any reason to apprehend that there was less chan one hundred and twenty-nine acres. Prather had refused tc take tho land at one hundred acres; hut preferred to have a survey made for ascertaining the exact quantity, and to pay by the acre for that quantity. After the survey and the payment of the money, he had no motive for making another survey, as the quantity had been ascertained by actual survey, it was not deemed necessary to make another experimental survey when lie sold to Thompson, nor when Thompson sold the land; and none was ever made until it became necessary to divide the land among Thompson’s vendees, and in mailing this partition the mistake was, for the first time ascertained. It is sufficiently evident, from these circumstances, that the mistake was not discovered five years before Prather filed his bill, and that, in not finding it out sooner, Prather is not chargeable with unreasonable negligence.
As, therefore, Prather is not chargeable with negligence, andas Crane admits that he never has settled with him for his mistake, the lapse of time docs not create any presumption favorable to Crane, or unfavorable to Prather.
Wherefore, it seems to this court, that the statute of limitations should not he applied to the case. And consequently, the decree of the circuit court is affirmed.