Judge Buckner delivered
the opinion of the court.
D. Todd and- wife, being the proprietors of a tract of land,- in the county of Fayette, by R. S. Todd, as agent, on the 16th of February, 1827, leased it to Loudon, for one year, ending on the 16th of February, 1828. By the contract of lease, Loudon was bound to pay fifty dollars, as rent. The written •contract contains the following clause: “The said Loudon is allowed the privilege of using the lying down-timber,but is to cut down no trees, dead or alive.”
On2Istof January, 1828, the defendants in error filed their bill, in chancery, against Loudon,, alleging that he was committing waste on the 1 and leased, by selling and carrying off wood, rails, posts, &c. They prayed for, and obtained an injunction, preventing the commission of further waste, and restraining the tenant from removing some cords of wood, rails, <fcc. which he had cut and split, upon the land.
x)eea exectu. ted to ven,<leo ’J11011 h® andhanaed ’ to a stranger t0 deliver; if vendee^ pasí ses the title otlt of vendor from the delivery to the stranger.
*183 Loudon answered, denying that he had, in any respect, violated the contract; says that he had used many of the old, fallen trees, by cutting some of them into fire-wood, making some into rails, and a few into posts, as he conceived, he had aright to do; but that he had been careful of the rights and interest of his landlord, and had not committed any waste whatever.
He alleges, that at the institution of the suit, the defendants in error had no interest in the land, having previously conveyed it, by deed, to E. Warfield; and calls upon them to answer, as to the truth of that assertion, &c.
Todd and wife answer, and admit, that they executed a deed, in the state of Missouri, in November, 1827, conveying a fee-simple estate, in the same land, to Warfield; and that in December, of that year, they forwarded it, for acceptance, to Warfield, in Kentucky, which was delivered on the 26th of January, 1828, and accepted by him on that day. They insist that Warfield was not bound by the contract of sale, which had been previously enteredinto, until his acceptance of the deed, in January, 1828, as it was prepared and ex-cuted when he was not present, and had no agent present to assent to, or accept it.
Upon a final hearing of the cause, the injunction was made perpetual, and a decree entered against Lou-don for costs; to reverse which, he prosecutes this writ of error.
Whether the decree can be sustained, if the title to the land, passed from the defendants in error, previous-to the trial of this suit, it is clear that it cannot, if it passed previous to the institution of the suit.
It becomes, therefore, important to determine that point.
It does not appear to whom the deed was delivered, in Missouri; nor is it important to know. To whomsoever it may have been delivered, we are of opinion, that as Warfield afterwards accepted it, the title w; s not in Todd and wife, on the 21st of January, 1828, but in Warfield; see the case of Cook’s administrator vs. Hendricks, IV Monroe, 500, and the authorities there cited. In that case, Hendricks having previously recovered a judgment against Cook, on a covenant by *184 the latter, to convey'a lot, in Bowlinggreeh, Cook íiléá his bill, tendering a deed, and praying for relief. He had also tendered the deed to Hendricks before the judgment was obtained. The circuit court, after the death of Cook, gwufed the relief sought, and this court, in deciding the cause upon a writ of error prosecuted, say, “ihe deed of Cook) made and carried into court, subject to the dec ee of the court, will be good, and take effect upon t. e second delivery, (under that decree) by relation to the first delivery, by Cook, and so is consummated by rol dion. The heirs will be unnecessary parties, because the title passed by the deed of their ancestor. The ue'us not taking by descent, no creditor ofCook can reach the lot by judgment against his heirs, &c.”
Chinn, for plaintiff; Mills and Brown, for defendants.
The case from Perkin’s and Yino.r’s abridgment cited in the above mentioned case of Cook’s administrator vs. Hendricks, is considered as in point. According to the doctrine there settled, the deed of the defendants in error took eiibct from its delivery,in Missouri, to the person by whom it was forwarded.
In the case of Wankford vs. Wankford, reported in I Salk., 301, Gould, justice, in delivering his opinion, says, “A makes an obligation to 15, and delivers to C, for the use of B, it is the deed of A immediately; but B may refuse it, and by that, the bond will lose its force; so, of a gift of goods and chattels, if a deed be delivered to the use of the donee, the goods and chattels are in the donee, immediately, before notice or agreement; but the donee may refuse, and by that, the property and interest shall be divested;” see also Dyer, 49, a.
This view of the subject renders it unnecessary to give any opinion, with respect to the right claimed by Loudon, to convert to his use,by selling the timber lying on the ground, at the time he rented the land.
The decree of the circuit court must be reversed, and the cause remanded to that court, with directions to dismiss the bill with costs.