Judge Geajiam
delivered the opinion of the Court.
This action of covenant was brought in 1845, by Stephen W. Jones, against the administrators and heirs of Stephen Thompson, dec’d., to recover damages for breach of warranty contained in a deed-executed by Thompson to one John Graham for the conveyance of 147^- acres of land.
The declaration avers that on the 16th of October, 1831, Thompson by his deed conveyed to Graham the above named quantity of land for the consideration of $1625, and warranted the title against all persons whatever.
October 22, 1S34. John Graham conveyed the same land to William Kendrick, with the like clause of general warranty.
Febfuary 1, 1836. Kendrick conveyed the same premises to the plaintiff, with clause of general warranty.
December 20, 1808. Doe on the demise of Wm. F. Taylor, of South Carolina, brought an action of ejectment in the General Court, against one William Peler, the tenant in possession, to recover the possession of said land.
December 9, 1809. Defendant made and trial had, 9th January, 1818. Judgment for the plaintiff for his term yet to come, which was 30 years from 1st April, 1808. That whilst .the judgment remained in full force unexecuted and unr.eversed, William Peler delivered possession of the premises to Stephen Thompson under an executory contract, who afterwards sold and delivered the same to Graham, who held the pos *366 session thereof, until he sold and delivered the possession to Kendrick, and Kendrick to the plaintiff.
December 26, 1836. A scire facias was sued out from the General Court against the plaintiff, and the heirs of William Peler to revive the judgment.
August 18, 1837. The judgment was revived and order for an execution, but before any execution issued plaintiff purchased the title of the successful claimant, and took shelter under it. The plaintiff avers he defended the scire facias but was estopped to controvert the.title of the plaintiff. .
It is no where averred that the recovery was had by a title paramount to that of Peler, nor that Thompson, or Graham, or Kendrick, had notice of the pendency of the proceeding by scire facias.
The defendants filed a demurrer to the declaration, and pleas 1, 2, 3,4, 5, 6, 7, 8, and 9. The plaintiff demurred to pleas 1, 7, 8, and 9. The Court overruled the demurrer to the declaration, and sustained demurrers to pleas 1, 7, and 9, and overruled the demurrer to plea 8. Defendants amended plea 1, and plaintiff filed a replication which was joined, and issues were formed on pleas 2, 3, 4, 5, 6, and S. Ata subsequent day the defendants filed two other pleas 10, and 11, the first was joined, and the second demurred to. The Court overruled the demurrer, and the plaintiff filed a replication which was joined by defendants.
At a subsequent term of the Court, the defendants offered to file another plea, No. 12, but the Court refused permission to file U, And thereupon a jury was sworn who found a verdict of $3306 75, for the .plaintiff. ' A motion for a new trial was made and overruled, and the defendants have brought up the case for revision by this Court. (Rep.)
We do not perceive any error in the opinions of the Circuit Court, either as to the declaration of the plaintiff, or the pleas offered by the defendants; but it seems to us that the damages assessed by the jury are much larger thap, ought to have been awarded in this case, *367 and that the instruction given to the jury by thé Court on that subject, is erroneous.
The reason staled why the consideration paid is the measure of recovery by covenantee vs covenantor in a warranty of title: but not applicable to all ca^es-
The general rule that a warrantor of title is not bound in all cases of eviction is not applicable to to cases where there has not been and cannot be' any recovery of rent or profit irom the vende'e or assignee of the covenant.
A vendee or his assignee is permitted to recover the consideration paid, because he has been evicted of the land, and he is authorized to demand interest because the successful claimant may recover from him, compensation for the use and occupation of his land. But this last general rule is not applicable to the facts of this case. If Jones had been actually evicted, he would not have been liable to the plaintiff in ejectment for mesne profits anterior to the time when he took possession, He purchased and took possession'from Kendrick on the 1st of February, 1836, and judgment upon the scire facias was had against him on the 18th August, 1837.
In no event therefore, could he have been compelled to account for rents or mesne profits before February, 1836. But no rents have been recovered from him, and as he did, more than five years before the commencement of his action, purchase in, and take shelter under the title of Taylor, it is now impossible that an action for mesne profits can ever be maintained against him. Upon what principle of justice can he claim damages exceeding the consideration paid by Graham, to Thompson ? He gave to Kendrick twelve hundred and forty-five dollars, and to Taylor’s heirs two hundred, making in all only the sum of fourteen hundred and forty-five dollars, he has never for a day, been de~ pived of possession, has paid no rent, .and is not accountable for profits. Certainly he has not been injured or sustained damage to any great extent. Under the facts of this case, it does seem to us that if the-question of damages had been submitted to the sound-discretion of the jury, they would not have rendered a verdict for more than sixteen hundred and twenty-five dollars, the consideration named in the deed from, Thompson to Graham.
Without deciding upon other questions made by the-assignment of errors, we are of opinion that there is *368 error in the instructions to the jury, and that the damages assessed are manifestly excessive.- The Court ought to have granted to the defendants, now plaintiffs in error, a new trial.
Harlan, Shuck, and Hardin for plaintiffs; Thurman, R. Browne, and Wickliffe for defendant.
The judgment is erroneous, and is.therefore reversed, and the case is remanded to the Circuit Court with.directions to set aside the verdict and judgment, and grant the defendants a. new trial without payment of costs, and for other proceedings not inconsistent with this opinion.