CASE 83.—ACTION BY T. V. PATTON AGAINST MACK SCHNEIDER FOR COMPENSATION FOR A DEFICIENCY IN LAND PURCHASED.—February 22, 1902.

## Patton v. Schneider, &c.

Appeal from Hardin Circuit Court.

From the judgment Patton appeals.—Affirmed.

1.  Vendor and Vendee.—Warranty as to Number of Acres.—A vendor who conveys a tract of land with a general warranty as containing thirty-three and one-half acres, more or less, when the survey made by a competent surveyor under his direction, showed the boundary to contain only twenty and one-half acres, is bound to make good the deficiency.
2.  Improvements To Be Taken into Consideration in Valuing the Compensation for Deficiency.—Ordinarily where there is a deficiency in the quantity of ground sold, the purchaser will be entitled to compensation for the deficiency according

to the average value of the whole tract, but in view of the fact that in this case the vendee got all the improvements in the way of houses, etc., which it was contemplated he should receive at the date of his purchase, they constitute an important element in the value of the tract, and it was not error to take this fact into consideration in fixing the value of the deficiency in the land.

SPRIGG & CHELF and L. A. FAUREST for appellant.

W. A. BARRY and J. D. BROWN for appellee.

OPINION OF THE COURT BY JUDGE BURNAM—Affirming.

On March 18, 1899, the appellant, T. V. Patton sold and conveyed to Agnis Schneider, one of the appellees herein, a tract of land which he warranted to contain thirty-three and one-half acres, more or less, and which is described by metes and bounds, courses and distances, in consideration of $2,000.00, $950.00 of which was paid in cash, and the balance was to be paid in annual installments of $250.00 each. On October 25, 1899, the appellee, Agnis Schneider conveyed the land to her co-appellee, Max Schneider, in consideration of love and affection and the assumption of the unpaid purchase money. On the 16th day of October, 1900, the appellees brought this suit in equity against the appellant, in which they set out the above facts and allege that the boundary of land conveyed to Agnis Schneider by appellant only contained twenty and one-half acres instead of thirty-three acres and one-half; and asked that defendant be compelled to make good the shortage in land, or that they should be compensated for such deficiency according to the average value of the whole tract by a credit of $750.00 upon their unpaid purchase notes.

The defendant in his answer admitted the execution of the deed, but says that the property was sold to

plaintiff as a whole regardless of the number of acres contained in the boundary; and that the draughtsman who wrote the deed inserted the words "containing thirty-three and one-half acres more or less," by mistake, when there was no certain number of acres contracted for or sold. The averments of the answer were denied by reply, and upon final submission the circuit judge adjudged that the plaintiffs be given a credit of $500.00 upon the unpaid purchase money notes, and the defendant appeals.

The appellee, Mack Schneider, who was a pastry cook, and lived in Cincinnati, having concluded to buy a farm, was attracted to Hardin county by an advertisement of a Mr. Alvey, a real estate dealer at Elizabethtown, and went to that point, where he met the appellant, who represented to him that he had a tract of 42 acres of land, which he would sell for $2,-500.00. After looking over the land Schneider informed Patton that he would give him $2,000.00 for not less than thirty acres, including the improvement. Patton accepted his proposition and pointed out where he could cut off nine or ten acres of the land. Schneider then returned to Cincinnati, and Patton employed a surveyor to run off the land, instructing him, however, as he testifies, not to calculate the amount of land contained in the boundary. The surveyor ran off the land in accordance with Patton's order by courses and distances, and made no calculation as to the amount of land contained in the boundary, but "by inadvertance," he says added to the survey the words, "containing thirty-three and one-half acres, more or less," having heard Patton say that this was about the quantity of land contained in the boundary. Patton sent this survey with a plat of the land to the appellee, who thereupon returned to

Elizabethtown, where he employed a lawyer to examine the title. This being satisfactory, the trade was concluded and a deed drawn in which the boundary surveyed by Patton's orders was inserted.

Under this state of facts we are of the opinion that the trial court did not err in granting the relief as the "General principle applicable to such cases, as settled by this court, is that when it is evident that there has been a gross mistake as to the quantity and the complaining party has not been guilty of any fraud or culpable negligence, nor otherwise impaired the equity resulting from the mistake, he is entitled to relief from the technical legal effect of his contract, whether it be executed or executory." 79 Ky. 474; 60 Ky. 368; 32 Ky. 258; 8 Ky. 193, 343; 28 Ky. 182; 27 Ky. 76; 26 Ky. 582; 11 Ky. 44.

And a vendor who conveys a tract of land with a general warranty as containing thirty and one-half acres more or less, when the survey made by a competent surveyor under his directions showed the boundary to contain only twenty and one-half acres, is bound to make good the difference.

Ordinarily where there is a deficiency in the quantity of land sold, the purchaser will be entitled to compensation for the deficiency according to the average value of the whole tract, but in view of the fact that appellee got all of the improvements in the way of houses, etc., which it was contemplated, he should receive at the date of his purchase, they constitute an important element in the value of the tract, the trial judge did not err in taking this fact somewhat into consideration in fixing the value of the deficiency in the land.

Judgment affirmed.