### Lassiter v. Farris.

(Decided March 4, 1924.)

#### Appeal from Calloway Circuit Court.

1.  Appeal and Error—Appellant Cannot Complain that Action Premature as Against Another.—Where appellant sold land to F., who sold it to plaintiff, and F. paid his indebtedness to appellant,

and plaintiff sued appellant and F. for a deficit before he had paid his note or reduced the amount due below the amount of the deficit claimed by him, appellant cannot complain that action by plaintiff against F. was premature; F.'s cause action for a deficit having matured.

2. Vendor and Purchaser—Remote Grantor Properly Joined as Party in an Action for Deficit.—Purchaser of land suing for a deficit properly joined his grantor's grantor as a party, and it was proper for immediate grantor to also make his answer a cross-petition against the remote grantor with the concurrence of the plaintiff; it being proper to settle all the controversy in one case and avoid circuity of action.

3. Vendor and Purchaser—Action for Deficit Not Affected Because Defendant Held Negotiable Instrument for Price.—An action for a deficit against immediate grantor and remote grantor was not affected by the fact that the remote grantor held plaintiff's note given to the immediate grantor on the purchase price, and that such note was a negotiable instrument, since the suit could have been maintained if the remote grantor had negotiated the note, and, where he still held it, it was proper to credit recovery from him on the note.

4. Vendor and Purchaser—Recovery for Deficit of More than 10 Per Cent. even though Sale in Gross.—Even though a sale of land is in gross, recovery may be had for a deficit of more than 10 per cent. in the quantity described in the deed.

5. Judgment—Vendor Held Not Entitled to Cancellation on Discovery of Deficit and Action Therefor.—In an action for a deficit in land, held, that remote grantor was not entitled to cancellation on offer to return the consideration and pay for improvements made on the real estate because not authorized by the pleadings or proof.

RAINEY T. WELLS for appellant.

SPEIGHT & THOMPSON, COLEMAN & LANCASTER and E. E. PHILLIPS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Lassiter listed certain lands for sale with Finney, a real estate agent. The lands consisted of several contiguous tracts held under separate deeds. Finney had a year within which to make the sale, and finally purchased the land himself at the price fixed, $7,000.00. Of this sum $5,000.00 was on time represented by a lien note.

A deed was executed in which the several tracts were described as one boundary containing 345 acres, more or less. Of this Finney sold 78 acres to Smith and 80 acres to Schram, and the remainder to Farris, describing it as 185 acres more or less.

Farris executed a lien note to Finney for $3,000.00 deferred payment on his purchase. This was endorsed by Finney and accepted by Lassiter as a payment on Finney's indebtedness to him. The balance of this indebtedness was paid by Finney and he was discharged and relieved from all liability by Lassiter.

The parties were put in possession of their respective boundaries and later Farris had his land surveyed and discovered a shortage of 45 acres. He thereupon sued Finney and Lassiter for the deficit. Finney made his answer a cross-petition in which he asked that in the event judgment was rendered against him in favor of Farris that he recover over against Lassiter. Judgment was rendered against Finney for $1,000.00 and as against Lassiter for $720.00, this to be credited on the note that he held against Farris. Lassiter has appealed. Finney has taken no cross-appeal, nor has he taken any part in the proceedings in this court.

Finney had settled with appellant for the purchase price of the land sold him and his cause of action for a deficit had matured. Farris had not paid the purchase price or reduced it below the amount of the deficit claimed by him, hence his action may have been premature. Nave v. Price, 108 Ky. 105. However, as Finney is not raising that question, appellant may not do so.

We see no impropriety in Farris joining Lassiter in his suit against Finney; unquestionably it was proper to permit Finney to make his answer a cross-petition against Lassiter with the concurrence of Farris, and the matter being in equity a convenient method was thus adopted to settle all the controversy in one case and thus avoid circuity of action. Crane v. Prather, et al., 27 Ky. 75.

The cause of action is not affected by the fact that the note held by Lassiter was a negotiable instrument. The suit was for a deficit in the land and could have been maintained if Lassiter had negotiated the note, but

as he held it, it was proper to credit the recovery on the note.

It is earnestly argued that this contract was a sale in gross of the entire tract of land and not by the acre; that the number of acres was specified for the purpose of description only and that the circumstances are such as to show that the parties intended to risk the contingency of quantity whatever it might be or however much it might exceed or fall short of the number of acres stated. In this regard appellant's evidence is to the effect that he held the land by separate deeds, from which were to be excluded several boundaries that he had sold; that one tract had been purchased at the courthouse door, and for it he had no deed until Finney discovered that fact and in a suit for that purpose he procured a deed for it. That he turned all his title papers over to Finney, who went upon the land and examined it and the titles thereto and made a partial abstract thereof, and himself prepared a deed describing the entire boundary as one tract. That he (appellant) did not know how many acres there were and made no representations as to the number of acres to Finney, but at all times was asking $7,000.00 for his holding regardless of quantity.

Finney states that Lassiter told him that his deeds called for 345 acres, that his quarters would run full and that in his judgment there was at least that much land.

It thus appears that the evidence is conflicting as to whether the sale was made by the acre or in gross, but it is clear that there was a deficit of more than 10 per cent in the quantity described in the deed, and under our more recent decisions such shortage authorizes relief even if the sale is in gross. Hunter v. Keightly, 184 Ky. 835; Boggs v. Bush, 137 Ky. 95; Rust v. Carpenter, 158 Ky. 672.

By amendment the appellant offered to return the consideration and pay for any improvements made on the real estate and asked for a cancellation of the deed on equitable terms. In exceptional cases where it appeared that an additional tract not purchased was by mistake included in the deed; or where an executory contract was made by agent who misunderstood the quantity of the gross tract and in good faith misstated same, and the minds of the parties did not meet, such relief has been had. Wigginton v. Holbrook, 193 Ky. 805; Railey v. Roberts, 109 S. W. 103. But it is entirely inapplicable

to the facts in this case as here neither the pleading nor the proof would authorize a cancellation; and such has been the previous holding of this court. Rust v. Carpenter, *supra.*

Wherefore, judgment is affirmed.