## Young v. Jewell, et al.

(Decided December 19, 1924.)

### Appeal from Barren Circuit Court.

1. Vendor and Purchaser—Grantee Without Right of Action Against Remote Grantor for Deficiency in Acreage.—The purchaser of land has no right of recovery for deficiency in acreage against remote vendor though latter holds purchase money notes as transferee in due course from plaintiff's immediate grantor.

2. Bills and Notes—Holder of Purchase Money Notes for Value and Without Notice Held to be in Due Course, and Not Subject to Defenses Between Maker and Payee.—Purchase money notes, regular in form and negotiable in character, and containing no suggestion of infirmity or deficiency in title, which were purchased for value before due by vendor's father from whom vendor had theretofore purchased the land, were held by him in due course, and were not subject to defenses available between maker and payee.

D. T. RALSTON, BASIL RICHARDSON and PORTER & RALSTON for appellant.

V. H. BAIRD and C. H. HATCHETT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

In January, 1920, Garner Jewell sold and conveyed to appellant, Bernice Young, a certain tract of land in Barren county, supposed to contain 94½ acres for the price of $7,500.00. Garner Jewell had purchased the land from his brother who had not paid the purchase price although he held a general warranty deed, lien being retained for the purchase price. The father of Jewell was the original owner, having conveyed it to his son, retaining a lien for the purchase price. In each deed the boundary was described as containing 94½ acres. After

Young became the owner of the tract he caused it to be surveyed and found it contained only about 73 acres, a deficiency of more than ten per cent. He had paid down $4,000.00 and executed his notes for $3,500.00, which notes were by his vendor assigned and transferred to his vendor who in turn endorsed and transferred them to his vendor, the senior Jewell. Each time the note was transferred it extinguished the indebtedness of the transferor to the transferee to the extent of $3,500.00 on account of the purchase price of the land. In form the note was negotiable. There was nothing on its face or about the instrument to put a taker upon notice of any defect in the instrument or the assignor's title thereto.

Appellant Young instituted this action in the Barren circuit court against each of the Jewells, alleging the shortage of acreage, the price paid, of which $4,000.00 was cash, and the balance represented by three notes for $3,500.00, and that these notes had been endorsed and transferred for value from his immediate grantor to his grantor's grantor, and so on back to T. J. Jewell, the father of the other members of the Jewell family, the original owner of the land, who was the then holder and owner of the notes. It is further averred that the older Jewell took the notes with full knowledge of the nature of the transaction and the deficiency in acreage and was not, therefore, a holder in due course of the negotiable note. It is also averred that T. J. Jewell was the original owner of the lands and by deed sold and conveyed them to his son, who in turn sold and conveyed them to his brother, who sold and conveyed the land to appellant Young; that each deed contained the statement that the lands contained 94½ acres; that the father was therefore liable to his son for the shortage in acreage as was the son to his brother, and so on down to Young. The prayer of the petition sought a reduction in the purchase price commensurate with the shortage in acreage, and such reduction in the purchase price be credited upon the notes.

Appellee T. J. Jewell answered and denied his liability to Young on account of the deficiency in acreage. He further averred he was a *bona fide* holder of the notes, having obtained them before due for value, without notice. Issue being joined the court rendered judgment in favor of appellant Young against Garner Jewell for the sum of $1,259.75, being the amount paid for the

land in excess of the acreage. The court also adjudged T. J. Jewell entitled to recover on his counterclaim on the notes against appellant Young $3,500.00 with interest, and adjudged the lands subject to the payment of this sum. The court denied appellant Young the right to have his claim of $1,259.75 for deficiency in acreage set off against the judgment for the purchase money obtained by T. J. Jewell on the notes. It is of this part of the judgment of which Young now complains, this appeal being prosecuted for the sole purpose of reversing the judgment to the extent that it denied him relief against T. J. Jewell on the purchase notes.

It is the contention of appellant, Young, that only one suit was necessary for the settlement of the claims between the several grantors for the deficiency in acreage; and further that the holder of the notes being one of the grantors liable for the deficiency in acreage, was subject to have the notes in his hands credited by such judgment as was rendered in favor of Young for the deficiency. In the case of Lassiter v. Farris, 202 Ky. 330, we held in substance that the purchaser of land suing for a deficit properly joined his grantor as a party, and it was proper for the immediate grantor to also make his answer a cross-petition against the remote grantor with the concurrence of the plaintiff, all controversies to be settled in one suit, thus avoiding circuity of actions. We further held that an action for a deficit against an immediate grantor and a remote grantor was not affected by the fact that the remote grantor held plaintiff's note given to the immediate grantor on the purchase price, even though such note was a negotiable instrument, but the suit could not have been maintained if the remote grantor had negotiated the note. Where he still holds the note, it is proper to credit recovery from him on the note. 39 Cyc. 2053.

That case in many of its aspects is very like the one under consideration, but there are some distinguishing characteristics. Kinney, the immediate vendor of Farris, might have raised the question of Farris' right to maintain the action to recover for the deficit in acreage until Farris paid the balance of the purchase price (Nave v. Price, 108 Ky. 105), but he did not do so. On the contrary, he joined in and asked by answer and counterclaim for similar relief against his grantor Lassiter.

We have never held that a grantee of land in a case like this could have a recovery for a deficiency in acreage against a remote vendor, but have confined his cause to a recovery against his immediate vendor. Salyer v. Blessing, et al., 151 Ky. 459; Pond Creek Coal Co. v. Runyon, Admr., et al., 199 Ky. 539; Lassiter v. Farris, 202 Ky. 330.

Young, therefore, had no cause of action on account of the deficiency in acreage against his remote vendor, T. J. Jewell, who held the notes. The record shows beyond question that the notes held by T. J. Jewell were regular upon their face and negotiable in character. There was nothing about them to put one upon inquiry or suggest that there was any infirmity in the notes or deficiency in the title of any of the assignors or endorsers. It further appears that appellee, T. J. Jewell, purchased the notes for value before due and without notice of any deficiency or any defects to them. He was, therefore, a holder in due course within the meaning of our statutes, subsection 52 of section 3720b. Being a holder in due course he was not subject in this action to enforce the notes against the maker Young to any of the defenses available between prior parties.

As appellant Young had no cause of action against his remote vendor, T. J. Jewell, he had no right to have his judgment against Garner Jewell set off against the notes in the hands of T. J. Jewell. The trial court so held, and his judgment is affirmed.

Judgment affirmed.