## Gilliam v. Cornett et al.

(Decided April 29, 1932.)

S. M. WARD and J. K. P. TURNER for appellant.

CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

On February 18, 1918, appellant, John Gilliam, conveyed to appellees, with general warranty, a tract of land containing 263.46 acres. The price of the land was $35 an acre. They paid down $5,500, and executed notes due in one and two years for the remainder of the price, $3,721.10, each note being for $1,860.55. They paid off the first note, and made some payments on the second note, but failed to pay it all. He brought this suit against them on July 12, 1926, to recover on the note and to enforce the lien on the land. They filed an answer, and on this answer the court entered judgment against them. But on motion for a new trial the court set aside the judgment and allowed an amended answer to be filed, which set up this defense:

At the time they bought the land there was a suit pending against Gilliam, brought by the Kentucky Union Company to recover a part of the land, and in this action a judgment had just been rendered on appeal to this

court adjudging the Kentucky Union Company the owners of 78.3 acres of the land, and they prayed judgment against Gilliam on the warranty for the loss of this 78.3 acres of the land at $35 an acre. On the final hearing of the case the court fixed the balance due on the note at the date of the judgment, March 11, 1931, to be $2,419.07, and fixed the value of the land lost at $2,740.50 with interest from February 18, 1918, making a total of $4,878.09, and entered judgment in favor of the defendants against Gilliam for the difference, $2,459.02, and costs. He appeals.

Three grounds for reversal are relied on: (1) Appellees bought the land, agreeing to assume the risk of the loss of acreage sued for by the Kentucky Union Company. (2) The court erred in allowing appellees $35 an acre for the loss of the land. (3) The court erred in giving interest from the date of the deed.

1. Appellant pleaded in substance that the appellees bought the land knowing of the pendency of the suit and agreed to assume the risk of the loss of the land sued for by the Kentucky Union Company, and that the warranty was inserted in the deed by mistake. He proved by himself, his daughter, and his son-in-law that the appellees were told of this suit and said that would make no difference; they would risk that. On the other hand, the appellees both testified that they said nothing of this sort and that the appellant told them that about 15 or 20 acres of the land was sued for and in effect that there was nothing in the suit. There is no proof as to any mistake in the making of the deed. The rule is that to establish a mistake in a deed the proof must be clear and convincing. This court gives some weight to the finding of the chancellor on a question of fact, and in view of all the circumstances, including the value of the land and price per acre at which it was sold, the judgment of the circuit court on the facts cannot be disturbed; for the proof is not clear and convincing.

2. In Wilson v. McGowand, 192 Ky. 567, 234 S. W. 17, 18, the rule as to the recovery on a warranty is thus stated: ''Where there has been a total failure of consideration because of the loss of the whole of the land the title to which is warranted, the measure of recovery on the warranty is the purchase price at the date of the conveyance, with interest on it from that time: but where there is only a partial failure of consideration, and

only a part of the land is lost, the measure of recovery is that proportion of the original purchase price which represents the value of the lost part at the time of the conveyance with interest from that time." To the same effect see New Domain Oil & Gas Co. v. McKinney, 188 Ky. 198, 221 S. W. 245, and cases cited.

If the purchasers had paid the entire consideration in cash at the time the deed was made, there would be no question as to the application of the rule; but when they paid part of the purchase money and gave their notes bearing interest, for the remainder, the interest compensated for the delay in the payment and the rights of the parties are just the same as they would have been if all the purchase money had been paid when the deed was made. Here the purchasers were charged with interest up to the judgment on the unpaid purchase money and this placed them exactly in the same position as if the purchase money had all been paid when the deed was made. They cannot therefore complain.

By our statute an action to recover for the use and occupation of land must be brought in five years after the cause of action accrued. Kentucky Statutes, sec. 2515. While the above rule as to the recovery of interest on purchase money after the eviction of the parchaser has been applied in many cases, it is usually so applied only where the eviction has been had within five years after the purchase, and in many cases where a longer time has elapsed without responsibility of the purchaser for rents and profits, the New York rule has been applied under which interest on the purchase money is only allowed the purchaser for the time for which he is liable to the true owner for the rents and profits. For cases like this, see 15 C. J. 1329, sec. 327, and cases cited; Cogwell v. Lyon, 3 J. J. Marsh. 38; Thompson v. Jones, 11 B. Mon. 365. The trend of the later cases is to do equity between the parties on the facts presented. The judgment of eviction here was rendered October 29, 1930; interest should be allowed for five years before this, or from October 29, 1925, up to the former judgment, and from the sum of the principal and interest should be subtracted $2,419.07, being the amount due on the note and judgment entered for the balance with interest from the date of the former judgment herein and costs.

3. "Ordinarily, where there is a deficiency in the quantity of land sold, the purchaser will be en-

titled to compensation for the deficiency according to the average value of the whole tract." Patton v. Schneider, 139 Ky. 643, 66 S. W. 1003, 1004, 23 Ky. Law Rep. 2190.

The vendor, as held in that case, may show that the land lost was of less value than the average of the whole tract, or the vendee may show that it was of greater value than the average whole tract. Here the whole tract was sold at $35 an acre. There was no evidence that the land lost was of less value than the average of the tract and there was no evidence that it was of more value. There being no evidence on the subject, the court, in view of the nature of the land and its value for the minerals in it, properly rested his judgment upon the proportion of the number of acres lost to the number of acres in the whole tract, the sale being at $35 an acre.

Judgment reversed, and cause remanded for a judgment as above indicated.