## STANHOPE v. SWAFFORD *et al.*

**Attachment:** GROUNDS FOR: PROPERTY OBTAINED UNDER FALSE PRETENSES. Defendants induced plaintiff to purchase land worth $640 for the sum of $2240, by falsely representing to him that the land was worth the larger amount,— plaintiff never having seen the land. Plaintiff brought this action to recover the difference between said sums as his damages for the false representations. *Held* that such action was well grounded ( see cases cited in opinion ), and that an attachment was properly issued upon a petition stating such facts, under the twelfth subdivision of section 2951 of the Code, providing that an attachment may issue where "the debt is due for property obtained under false pretenses."

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FILED, MAY 21, 1889.

ACTION to recover the difference between the actual value of land purchased by the plaintiff of defendants and the value as shown by representations of defendants, inducing plaintiff to buy the land, which were false and fraudulent. An attachment was issued upon the grounds shown therefor in the petition,

Stanhope v. Swafford.

which, upon motion of the defendants, was subsequently dissolved. Afterwards a judgment upon a verdict for plaintiff was rendered. From the order dissolving the attachment plaintiff appeals.

*Woodward & Cook*, for appellant.

*Lake & Harmon*, for appellees.

BECK, J.—I. The petition alleges that defendants sold to plaintiff three hundred and twenty acres of land for twenty-two hundred and forty dollars; that the plaintiff had never seen the land, and was induced to make the purchase by representations of defendants as to its quality, showing it to be worth the price paid for it, and that these representations were false and fraudulent. It is alleged that the land is really worth no more than six hundred and forty dollars. Plaintiff claims to recover sixteen hundred dollars. The judgment in the case in favor of plaintiff was in the sum of $1,551.36. Before trial the defendants moved the court to dissolve the attachment on these grounds: "(1) That the allegations of the petition filed herein show that the statement of the cause for such attachment was and is untrue; (2) that said petition shows on its face that the alleged cause for said attachment did not exist at the time the writ was issued; (3) that it is apparent from the allegations of the petition that the writ of attachment should not have issued." The motion was sustained. The ground of attachment, alleged in the petition, is that the debt which this suit is brought to recover is for property obtained under false pretenses, which is the twelfth cause of an attachment prescribed by Code, section 2951, authorizing attachments to be issued in actions upon prescribed grounds therefor being shown in the petitions.

II. Counsel for defendants insist that the claim or cause of action upon which plaintiff's suit is based is not a debt due for property obtained by false pretenses. We understand that the motion is based upon

this position. The petition alleges false representations and pretenses, inducing a purchase by him for twenty-two hundred and forty dollars of property really worth no more than six hundred and forty dollars. Plaintiff thus sustained loss and damage to the extent of sixteen hundred dollars if he should retain the property purchased, as he is, by the law, authorized to do.

Under familiar rules of the law which will be recognized by the profession without the citation of authorities, defendants, having received pecuniary advantage from the misrepresentations and false pretenses, are liable in a civil action as for a debt; the plaintiff being authorized to waive the right of proceeding as for a tort, and to sue for the loss and damage he sustained. The defendants in that case are liable for such loss and damage, and their liability is a debt arising on the implied promise which the law raises that they will pay the loss suffered by plaintiff. See *Warner v. Cammack*, 37 Iowa, 642, and *McDole v. Purdy*, 23 Iowa, 277. The debt to recover for which this action is brought " is due for property obtained under false pretenses." Code, section 2951, par. 12. The attachment was therefore rightly issued, and should not have been dissolved. These considerations dispose of all questions in the case. The judgment of the district court is　　　REVERSED.