WILLIAM A. SIBLEY, *Appellee,* v. THE KANSAS CITY COTTON-MILLS COMPANY, *Appellant.*

No. 16,890.

SYLLABUS BY THE COURT.

1. INSTRUCTION—*When Refusal to Give Not Prejudicial Error.* The refusal to give an instruction relating to one of several charges of negligence contained in a petition although correctly stating a principle of law is held not to be prejudicial in view of the instructions given which, when considered as a whole in the light of all the evidence, sufficiently advised the jury upon the proposition contained in the one refused.

2. NEGLIGENCE—*Common Law and Statutory Joined—Assumption of Risk.* The court did not err in submitting to the jury all the issues arising upon a petition charging negligence at common law together with negligence in violating the factory

Sibley v. Cotton-mills Co.

act; and the question of assumption of risk by an employee as applied to the common-law charges of negligence was properly submitted to the jury, upon the evidence relating to that subject.

3. PLEADINGS—*Issues Raised by Answer and Reply Properly Submitted.* In an answer to a petition charging negligence in the operation of machinery in a manufacturing establishment, causing injury to an employee, it was alleged that certain negligence charged in the petition was that of a fellow servant of the injured employee. In the reply it was alleged that the fellow servant was incompetent, as the employer well knew. Evidence was given that the fellow servant was a minor under sixteen years of age. The court instructed the jury generally that the employer was not liable to the employee for negligence of a fellow servant, but limited this general rule by stating other rules applicable where the fellow servant is under sixteen years of age and is incompetent for the service. Upon an objection that the court by this instruction submitted to the jury charges of negligence not stated in the petition and not within the issues, it is held that the instruction related to a defense and that a statement of the fellow servant rule and its limitation as applied to the evidence was proper.

4. JUDICIAL DISCRETION—*Remarks of District Judge to Jury Not Prejudicial.* Remarks of the district judge to the jury urging an agreement are considered and held to be within the exercise of proper judicial discretion.

Appeal from Wyandotte district court. Opinion filed July 7, 1911. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod,* and *H. C. Timmonds,* for the appellant.

*John T. Sims, Paul Huff, C. Angevine, J. K. Cubbison,* and *William G. Holt,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The appellee was injured while working in the card room of the cotton cloth manufactory of the appellant. Forty-eight carding machines, each occupying a floor space of six feet by eleven feet, are placed in rows, leaving an aisle three and one-half feet wide between the rows. The machines stand about 16

17—85 KAN.

inches apart in the rows. They are driven by a belt connecting a line shaft overhead with a pulley on one side of each machine. On the opposite side is a stripper belt connecting two pulleys, one large and one small, which are two feet apart from center to center. Soon after the appellee had started the machines for the afternoon, he noticed that the stripper belt of the second machine in the west row was off and had fallen to the floor. He walked along the aisle to the space between this machine and the next one in the row, with his foot pulled the belt into the aisle, and placed it on the small pulley, then in motion, and attempted to put it upon the larger pulley to start the stripper. In making this effort he was standing sidewise in the narrow space between the two machines; his right hand while pushing the belt forward upon the large pulley slipped into a horizontal space six inches wide and forty-five inches long and upon a rapidly revolving cylinder upon which was a mat studded with sharp steel teeth to tear the cotton. His hand was lacerated by contact with these moving teeth and amputation became necessary. This open space over the cylinder just referred to was usually covered by a steel door hung for that purpose, which, however, was open at the time of the injury. This door rested upon hinges at the lower side, and was held in place by latches which closed over the upper edge when it was shut. Evidence was given tending to show that these latches had become worn and defective and were insufficient to hold the door in place. There is also some evidence tending to show that the door had been left open by a boy in the service of the appellant. The regular work of the appellee was not in the card room, but in other service in the mill, and he had been called to this duty on the morning of the accident. The light was not good in the room because of dust arising from the cotton in the process of carding; the only windows were in two sides of the room, and the nearest window was about 75 feet from the place of the

injury. The door was of a light color resembling some-what the cotton visible in the space when the door was open.

The petition contained allegations of negligence against the appellant, (1) in failing to provide sufficient light in the room; (2) in failing to guard the combs or apron in which the teeth were placed; (3) in failing to supply a belt shifter or other contrivance for throwing the belt; (4) in setting the appellee at work in a place of known danger without giving proper warning; (5) in placing the machines so close together that the employees could not safely operate them.

It will be seen that the second and third specifications of negligence are made under the factory act (Laws 1903, ch. 356, §§ 1-8, Gen. Stat. 1909, §§ 4676-4683), while the others charge negligence at common law. The answer contained a general denial, and pleaded contributory negligence and assumption of risk by the appellee. The verdict in favor of the appellant was general; special findings were not requested.

The defenses of contributory negligence and assumption of risk are not available when a case rests solely upon violations of the factory act (*Caspar v. Lewin,* 82 Kan. 604) but are pertinent to the other charges.

The appellant contends in its first specification of error that the court erred in refusing to give an instruction which it requested, as follows:

"The court instructs the jury that if the plaintiff knew, or by the exercise of ordinary care might have known, the danger of attempting to replace the belt, then the defendant was not required to warn him of such danger."

The instructions were voluminous, and the rule that contributory negligence would prevent a recovery was several times repeated, and was included in an in-

struction relating to the duty of appellant to give warning, as follows:

"If you believe from the preponderance of the evidence that the defendant knew, or would have known by the exercise of reasonable diligence, before the plaintiff was injured that the machine at which he was working at the time he was injured was not properly and safely guarded, and that it was practicable to properly and safely guard said machine, and that to work at said machine in the manner in which the plaintiff was working was dangerous, and known to be dangerous by the defendant, and that the place where the plaintiff was working at the time he was injured was so dark that by the exercise of reasonable care and diligence he could not discover the danger, and the defendant, through its foreman or other chief officers, did not warn the plaintiff of the danger, and that if they had warned him of the danger he could have escaped the same, and but for the failure of the defendant to warn him of the danger he would not have been injured, then you should render a verdict for the plaintiff."

Other instructions limited the right of the appellee to recover damages to injuries received without fault or negligence on his part contributing thereto. It is highly improbable that the jury could have supposed that the company was liable for a failure to give warning of dangers which he already knew or might have known by the exercise of ordinary care. Such a supposition does violence to the instructions quoted and to the import of the instructions considered as a whole. The case was tried before the decision in *Caspar v. Lewin,* supra. Had the rule announced in that decision been understood it is probable the court would have limited the application of the doctrine of contributory negligence to the specifications not based upon such violations. In connection with such limitations, the instruction requested might very properly have been given, but upon a careful examination of the entire charge, in connection with the evidence, it is

apparent that the rights of the appellant were not prejudiced by its omission.

The factory act provides:

"Every person owning or operating any manufacturing establishment in which machinery is used shall furnish and supply for use therein belt shifters, or other safe mechanical contrivance, for the purpose of throwing on or off belts or pulleys; and wherever it is practicable, machinery shall be operated with loose pulleys. All vats, pans, saws, planers, cog gearing, belting, shafting, set-screws and machinery of every description used in a manufacturing establishment shall, where practicable, be properly and safely guarded, for the purpose of preventing or avoiding the death of or injury to the persons employed or laboring in any such establishment; and it is hereby made the duty of all persons owning or operating manufacturing establishments to provide and keep the same furnished with safeguards as herein specified." (Laws 1903, ch. 356, § 4, Gen. Stat. 1909, § 4679.)

There was sufficient evidence that it was practicable to equip and operate the stripper with a loose pulley, and no belt shifter or other safe mechanical contrivance for throwing the belt off and on had been provided. In these respects, at least, the statute was violated, and the injuries to the plaintiff appear to have resulted from such omissions rather than from failure to warn of danger. But if it should be supposed that the verdict was based wholly or in part upon failure to give such warning, still the reference to contributory negligence in the instruction above quoted, and statements of the same principle in other instructions, sufficiently advised the jury of the rule contended for and stated in the instruction refused. It is not believed that if the instruction requested had been given the verdict would have been different.

It is next contended that the court erred in submitting to the jury issues based upon the alleged insufficiency of light, failure to give warning, and placing the carding machines too close together, on the ground

that dangers arising from such negligence, if any, were as open and obvious to the appellee as to any other person, and were therefore assumed by him. In view of the fact that the appellee's work was in another part of the establishment, and it appeared that he had but little previous knowledge of the place and machinery where he was set to work on that day, and of the attendant circumstances, it can not be held as matter of law that he assumed the risk. That was a question of fact properly submitted to the jury.

There was some evidence, as before stated, tending to show that the door at the opening where the appellee's hand was injured had been left open by a fellow servant, but it was also shown that this servant was under sixteen years of age. Thereupon the court instructed the jury that there could be no recovery for injuries caused by the door being so left open by this fellow servant, unless they also found that he was under sixteen years of age and was incompetent to do the work; that it was unlawful to employ a person of that age, but that his age alone was not sufficient evidence of incompetency, and that his competency must be determined by his experience, intelligence, familiarity with the business and manner of attending thereto, together with his age; all of which should be considered. The appellant complains of this instruction upon the ground that incompetency of a fellow servant was not among the specifications of negligence contained in the petition. It is true that such a charge of negligence was not made in the petition, nor was it relied upon as a ground of recovery, but the answer alleged by way of defense that the injuries, if any, were caused by the negligence of a fellow servant, and the reply alleged that such fellow servant was incompetent, as the appellant well knew. Therefore, the contention that the instruction submitted to the jury an issue not presented by the pleadings can not be sustained. The instruction did not submit this matter as

another ground of action, but referred to it as a defense, stating limitations upon its application.

When the jury were about to return to their deliberations, after a noon recess, the court made some inquiry, and indulged in observations concerning the importance of an agreement, intimating that the jury might be kept in their room over night, referring also to the expense of another trial. Objections were made to these remarks. It is not believed to be necessary to insert here a copy of the remarks objected to. While recognizing the importance of allowing the jury independence of action within their rightful sphere, it does not appear that the court invaded their province or went beyond the boundaries of judicial discretion.

We find no error in the proceeding affecting the substantial rights of the appellants, and the judgment is affirmed.