(January 3, 1918.)

WILLIAM LIES, Respondent, v. WILLIAM MULHALL,
Appellant.

[169 Pac. 1165.]

VENDOR AND PURCHASER—SALE BY THE ACRE—ABATEMENT OF PURCHASE
PRICE FOR DEFICIENCY.

1.  Where a sale of land is by the acre or specific quantity, and
it is evident that the quantity or number of acres specified is of
the essence of the contract, the purchaser is entitled to an abate-
ment of the purchase price for a deficiency in the quantity repre-
sented to be sold.

2.  Under such circumstances it is immaterial whether the vendor
knowingly misrepresented the number of acres.

[As to remedy of purchaser in case of deficiency in quality or
quantity, see note in Ann. Cas. 1915D, 1108.]

APPEAL from the District Court of the Second Judicial
District, for Idaho County.  Hon. Edgar C. Steele, Judge.

Action to recover a portion of the purchase price paid in
consideration of the transfer of a tract of land.  Judgment
for plaintiff *affirmed*.

W. N. Scales and Clay McNamee, for Appellant.

"The fact that so much per acre is mentioned as the price
to be paid does not prevent the sale from being a sale in
gross."  (*Hyde v. Phillips*, 61 Wash. 314, 112 Pac. 257.)

The distinction between a sale in gross and a sale by the
acre "does not depend entirely upon whether the payment
is to be made in a gross sum or at so much per acre, or upon·
the fact or mode of specifying the quantity of land, but de-
pends upon the intention of the parties as shown by a proper
construction of the contract, and all the facts and circum-
stances connected with the transaction tending to show what
their intention was may be considered."  (39 Cyc. 1312.)

On right of purchaser of land at judicial sale to abatement of pur-
chase price for deficiency in quantity, see note in 28 L. R. A., N. S., 393.

M. Reese Hattabaugh and A. S. Hardy, for Respondent.

"Where a sale of land is by the acre or specific quantity and it is evident that the number of acres specified is of the essence of the contract, the purchaser is entitled to an abatement of the purchase price of the deficiency in the quantity represented to be sold." (8 Cyc. 1583; *McComb v. Gilkeson,* 110 Va. 406, 135 Am. St. 944, 66 S. E. 77; *Berry's Ex'x v. Fishburne,* 104 Va. 459, 51 S. E. 827; 1 Sugden on Vendors, 489.)

Where a misrepresentation is made as to the quantity, though innocently, the right of the purchaser is to have what the vendor can give with an abatement for so much as the quantity is short. (*Triplett v. Allen,* 26 Gratt. (Va.) 721, 21 Am. Rep. 320; *Haynie v. American Trust Invest. Co.* (Tenn. Ch.), 39 S. W. 860; *Patton v. Schneider,* 139 Ky. 643, 66 S. W. 1003; *Foster v. Byrd,* 119 Mo. App. 168, 96 S. W. 224; *Russell v. Keeran,* 8 Leigh (Va.), 14.)

The deficiency in the acreage may be recovered where the representations as to the number of acres were not true, whether made by the defendant knowing the untruth or not, since the result to the plaintiff would be the same. (Devlin on Deeds, sec. 1045; *Sears v. Stinson,* 3 Wash. 615, 29 Pac. 205; *Hays v. Hays,* 126 Ind. 92, 25 N. E. 600, 11 L. R. A. 376; *Walling v. Kinnard,* 10 Tex. 508, 60 Am. Dec. 216; *Paine v. Upton,* 87 N. Y. 327, 41 Am. Rep. 371, 374; *Sweet v. Marsh,* 133 App. Div. 315, 117 N. Y. Supp. 930; *Winton v. McGraw,* 60 W. Va. 98; 54 S. E. 506; *Rich v. Scales,* 116 Tenn. 57, 91 S. W. 50; *Singleton v. Castleman,* 67 W. Va. 407, 68 S. E. 34, 28 L. R. A., N. S., 393; *Butcher v. Peterson,* 26 W. Va. 447, 53 Am. Rep. 89.)

BUDGE, C. J.—This action was brought by respondent to recover from appellant a portion of the purchase price paid to the latter in consideration of the transfer of a certain tract of land. Respondent based his right to recover upon the theory that he was to have received 140 acres of land at the price of $65 per acre, amounting to $9,100, which sum

he actually paid to appellant, whereas he, in fact, received, as he alleged, only 121.31 acres and computed his damages upon this amount at the agreed price of $65 per acre. The land making up this discrepancy consisted of certain streets and alleys in the town site of Denver, to which the land sold was adjacent, which streets and alleys had been dedicated as public highways. On the other hand, appellant's contention is that the price was to be $65 per acre and that the amount of land conveyed was to be 140 acres, which was to form the basis of arriving at the total purchase price, but that in arriving at this area all streets and alleys within the description were to be included in making up the 140 acres, but this was done merely to determine the purchase price, and it was not the intention to and that the deed did not purport to convey the streets and alleys to respondent, but that the same were expressly excepted by the terms of the deed.

The evidence shows and the court found that the amount of land within respondent's description which was made up of streets and alleys was 15.925 acres, leaving the amount of land which respondent actually acquired through his deed only 124.075 acres. Respondent alleged that appellant had represented to him that he was selling him 140 acres,— this allegation must be taken as true, for it is not denied.

At the inception of the transaction, on July 25, 1911, respondent paid appellant $35 as earnest-money and took a receipt, which recited that this sum was "upon the purchase price of one hundred forty acres in the northeast quarter of section twenty-nine, township thirty-one, range two E., B. M., at sixty-five dollars per acre." The terms of payment at that time were not definitely fixed. The balance of the initial payment of $500 was to be paid not later than October 1, 1911. On September 5, 1911, the balance of the $500 cash payment was made and a formal contract was drawn up and signed by the parties describing the land as "All of that portion of the North East quarter of Section twenty-nine, Township thirty-one, North Range two, E. B. M.,

Idaho County, State of Idaho. Same to contain One hundred forty acres, be the same more or less according to the Government survey thereof, except certain lands sold by said Mulhall, which are located in town plat of Denver.'' This contract referred to the purchase price as the sum of $9,100. On January 31, 1912, appellant gave respondent a deed to the property reciting the consideration of $9,100 and describing the property as the northeast quarter of section twenty-nine, township thirty-one north of range two east, Boise Meridian, ''excepting therefrom the following pieces and parcels of land as shown upon the Plat of the Town of Denver''; then follows a particular description of a large number of lots, closing the description as follows: ''From all covenants in the conveyance of said property are excepted all valid highways, streets or alleys now open and in public use on said premises.''

The court found all of the facts to be as alleged by respondent, with the exception that the amount actually conveyed was found to be 124.075 acres instead of 121.31 as alleged by respondent; but further found that 15.925 acres comprised streets and alleys and gave respondent judgment for $1,228, which sum included the amount paid by respondent to appellant for the land embraced within the streets and alleys at $65 per acre, together with interest thereon at the rate of seven per cent per annum from the date of the deed. This appeal is from the judgment.

Numerous errors are assigned, but the only question of any serious importance is: Was this a sale in gross or by the acre?

While appellant brings the burden of his argument to bear upon his theory that the sale was one in gross and that the 140 acres included the streets and alleys in question but that it was not the intention to convey the streets and alleys, which as he contends respondent understood, his position in this regard is successfully undermined and rendered wholly untenable by the admissions and allegations in his answer. As already noticed, the allegation of respondent that appel-

lant represented to him that he was selling him 140 acres is not denied, and the following excerpts from the answer clearly establish the conclusion above reached:

"Alleges that he [respondent] acquired title to 140 acres and a fraction of an acre."

"Alleges that he [appellant] conveyed to the said William Lies 140 acres and a fraction of an acre of land."

And the denials:

"That his representations as to the amount of land contained in said tract or to be conveyed to the said William Lies were untrue"; and

"That in order to make up the 140 acres of land, the defendant William Mulhall figured, counted or calculated in arriving at said area all of the streets or alleys embraced within the town site of Denver or lying north of the said street marked Broadway as shown in said plat, except as hereinafter stated."

And the allegation:

"That the said William Mulhall did convey to William Lies 140 acres and a fraction of an acre of land": and

"That when said contract was entered into and prior thereto, it was fully understood and agreed by and between the plaintiff and defendant that the said defendant [plaintiff] should pay $65 per acre for the government subdivision of said land, to wit, 160 acres less the acreage included in the lots in said town site of Denver, which the defendant did not own, and that in calculating the acreage to be paid for at $65 per acre, the government subdivision included streets and alleys and all land included in the town site of Denver, except acreage in the lots not owned by defendant, and said purchase was made by the plaintiff and payment of the purchase price made by him with the full knowledge and understanding that what was known as the town site of Denver was on a portion of said land, and that said streets and alleys of said town site not vacated were in and upon and across said land conveyed to him."

In the face of these allegations and denials appellant's contention that it was never intended to convey 140 acres to respondent and that it was not the intention that the price was to be by the acre but in gross is untenable. He insists in his answer that it was not the intention to convey lots not owned by him, but under the general rule and the settled law in this state the adjoining lot owner owns to the center of the street. (*Shaw v. Johnston,* 17 Ida. 676, 107 Pac. 399.)

It is clear, then, that when the facts alleged in appellant's answer are interpreted in the light of their legal meaning, appellant cannot be said to have therein contended that he conveyed to this respondent any of the streets and alleys, and this important question, the affirmative of which appellant has so strenuously urged, was never at issue in this case. Under the pleadings the only question to which any evidence was pertinent was: What, if any, portion of the 140 acres intended to be conveyed was embraced within such streets and alleys? and, as has already been seen, the undisputed evidence supports the finding of the court that 15.925 acres out of the 140 were made up of streets and alleys and that the amount of land actually conveyed to respondent was only 124.075 acres. That respondent is entitled to recover for the deficiency at the agreed price of $65 per acre, which he paid for the land cannot be questioned. The rule is well settled that: ''Where a sale of land is by the acre or specific quantity, as where it is at so much an acre or foot, and it is evident that the quantity, or number of acres, specified is of the essence of the contract, the purchaser is entitled to an abatement of the purchase price for a deficiency in the quantity represented to be sold, . . . . '' (39 Cyc. 1583, citing many cases; *Miller v. Wissert,* 38 Okl. 808, 134 Pac. 62; 1 Sugden on Vendors, p. 489; *Triplett v. Allen,* 26 Gratt. (Va.) 721, 21 Am. Rep. 320; *Patton v. Schneider,* 139 Ky. 643, 66 S. W. 1003; *Russell v. Keeran,* 8 Leigh (Va.), 14); and whether the vendor knowingly misrepresented the number of acres is immaterial. (*Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73.)

Opinion of the Court—Budge, C. J.

No sufficient reason appears in the record and none has been pointed out to us why the judgment of the trial court should be disturbed. The judgment is affirmed. Costs are awarded to respondent.

Morgan and Rice, JJ., concur.