207 P.2d 498

**ADDY v. STEWART.**

No. 7386.

Supreme Court of Idaho.

June 20, 1949.

358

E. G. Elliott, Boise, for appellant.

Thornton D. Wyman, Boise, for respondent.

TAYLOR, Justice.

In August, 1946, appellant, plaintiff below, purchased from respondent, defendant below, a parcel of real property with improvements including an apartment house thereon for the sum of $6,850.00, which was fully paid.

In her complaint, plaintiff alleges; that as a means and for the purpose of inducing her to purchase the property defendant represented to her that there was existing and properly installed upon the property an adequate sewer system for use in connection with and for the sewage disposal of said house; that the representation was false and fraudulent and known to defendant to be false and fraudulent when made; that she believed the representation to be true and purchased the property in reliance thereon; that there was no such or any sewer system on or appurtenant to the property; that the price and reasonable value of a sewer system such as represented was at the time of the sale $800.00; that defendant refused to deliver or install such a system and thereby became indebted to the plaintiff in that amount and being so indebted promised to pay to plaintiff $800.00 on request; that demand had been made and defendant had not paid. The prayer is for $800.00 with interest from the date of the payment of the purchase price of the property.

360

It will be observed that plaintiff has sought to plead an action in assumpsit, or implied contract. Apparently this was done to enable her to procure a writ of attachment, the defendant being out of the state at the time the action was commenced. Defendant cites authorities to the effect that a plaintiff by waiving the tort and suing upon an implied contract cannot for the purpose of procuring an attachment convert the nature of the action from tort to contract,—Bullard v. Rosenberg, 130 Cal. App. 542, 20 P.2d 104, and others. Contra, Barth v. Graf, 101 Wis. 27, 76 N.W. 1100. However, respondent did not appeal from the order of the court denying his motion to dissolve the attachment, hence the question of whether or not the complaint in this case would support an attachment under the provisions of I.C. 8-501 is not involved on this appeal.

In his answer the defendant admits the sale of the property and receipt of the purchase price in full, denies the fraud and affirmatively alleges that there were no representations of any character made to plaintiff concerning the sewer system and that plaintiff examined the property and made no inquiry about the sewer disposal system. Defendant also denies any contract or agreement with plaintiff relative to a sewer system. Upon the trial both parties offered evidence on the issue of fraud. Suffice it to say, on this phase of the case there was sufficient competent evidence in the record from which the jury could have found for either

party, hence this issue should have been submitted with appropriate instructions. The trial court apparently took the view that the plaintiff must recover upon contract or not at all. The following instructions were given by the court:

"Instruction No. 3

\*    \*    \*    \*    \*    \*

"But the plaintiff alleges that the defendant represented that in connection with the apartment house there was at that time an adequate sewer system, consisting of proper pipes, tile, septic tank, and cesspool, which representations the plaintiff alleges were untrue, and that there was in fact no sewer system of any kind or character, appurtenant to said property, or installed or available for use therewith; that by reason of that fact the plaintiff and the defendant thereafter agreed that the price or value of such a sewer system was $800.00, and that the defendant agreed and promised to pay to the plaintiff said sum of $800.00, which he has failed and refused to do. These allegations the defendant denies. He denies that there was any agreement at the time of said sale as to any sewer system in connection with said property; that the plaintiff, prior to her purchase of the property, examined the same and that there was nothing said as to any sewer system, and nothing said that the price or value of the necessary sewer system was $800.00, and denies that he agreed or promised to pay the plaintiff $800.00, or any other sum, or that he is in-

debted to the plaintiff in the sum of $800.00, or in any sum.

"Instruction No. 4

"The issues, therefore, for you to determine are:

"First, whether the defendant, in connection with the sale of said property to the plaintiff, represented that there was at the time of said sale, an adequate sewer system appurtenant to said property, and fully and completely installed for use in connection therewith, when in fact there was no such sewer system installed or connected with or to said property;

"Second, whether the plaintiff and the defendant agreed that the value or price of such a sewer system, was $800.00; and

"Third, whether the defendant agreed and promised to pay to the plaintiff the said sum of $800.00.

"Instruction No. 5

"In this connection I instruct you further that this action is an action upon contract, not an action for damages, and unless the preponderance of the evidence shows that at and prior to the sale of said property by the defendant to the plaintiff, the defendant had represented that there was then a sewer system connected with and appurtenant to said property, when in fact there was no sewer system of any kind connected with or appurtenant thereto, by reason of which the defendant promised and agreed to pay to the plain-

tiff the sum of $800.00,—unless the preponderance of the evidence shows such a promise by the defendant, the plaintiff is not entitled to recover herein, and your verdict must be for the defendant.

"Instruction No. 6

"Stated in another way, this is an action upon an alleged promise by the defendant to pay to the plaintiff the sum of $800.00, the consideration for which promise, so the plaintiff alleges, was the fact that the defendant at and prior to the sale of said property to the plaintiff represented to the plaintiff that the sale included a completely installed sewer system appurtenant to and connected with the said property, when in fact there was no such sewer system.

"Instruction No. 7

"Stated in still another way, it is the contention of the plaintiff that the defendant violated the agreement under which he sold the said real property to the plaintiff, in that he represented to the plaintiff that there was an adequate sewer system installed and connected with the said property, when in fact there was none, and that the parties thereupon settled the damages resulting to the plaintiff because of the defendant's said violation, and that they settled the said damages by the promise on the part of the defendant to pay to the plaintiff the sum of $800.00 in satisfaction of such damages.

"It is this alleged promise by the defendant that this action is based upon, and I instruct you that unless the preponderance of the evidence shows that the defendant did so promise to pay $800.00 to the plaintiff, your verdict must be for the defendant."

No instruction was given on implied contract or the facts out of which one might arise. The wording of the foregoing instructions would indicate that the plaintiff must prove not only that the fraud was perpetrated but that after its discovery there was an express contract entered into between the parties for the settlement of the resulting damages by the payment of the sum of $800.00.

The decisive question is as to whether or not on the pleadings and proof the plaintiff was entitled to have the theory of an implied contract submitted to the jury.

■ Generally speaking, one injured by the tort of another may waive the tort and seek recovery on implied contract (or assumpsit) in cases where the wrongdoer has profited by the wrong. 24 Am.Jur. 25; Davidson Grocery Co. v. Johnston, 24 Ida. 336, 133 P. 929, Ann.Cas.1915C, 1129; De La Guerra v. Newhall, 55 Cal. 21; Felder v. Reeth, 9 Cir., 34 F.2d 744, 97 A.L.R. 244, and note 261 and 266; Yonkerman Co. v. Charles H. Fuller's Agency, C.C., 135 F. 613; State v. Beck, 175 Ind. 312, 93 N.E. 664; Jewell v. Nuhn, 173 Iowa 112, 155 N.W. 174, Ann.Cas.1918D, 356; Barth v. Graf, 101 Wis. 27, 76 N.W. 1100.

■ Where money is obtained by fraud the law will imply a promise to repay it. 52 Am.Dec. 758, 759; Philpott v. Superior Court, 1 Cal.2d 512, 36 P.2d 635, 95 A.L.R. 990; Humbird v. Davis, 210 Pa. 311, 59 A. 1082; Martin v. Hutton, 90 Neb. 34, 132 N.W. 727, 36 L.R.A.,N.S., 602. And recovery in assumpsit has been permitted in cases where only a portion of the amount paid is sought to be recovered on the theory that the consideration has partially failed due to the tort. Davidson Grocery Co. v. Johnston, supra; Humbird v. Davis, supra; Stanhope v. Swafford, 77 Iowa 594, 42 N.W. 450; Barnard v. Colwell, 39 Mich. 215. In Lies v. Mulhall, 31 Idaho 205, 169 P. 1165, 1166, recovery of pro rata portion of the purchase price paid for land not conveyed, due to a shortage in the acreage, was upheld. The action appears to have been brought in assumpsit. The court observed that "whether the vendor knowingly misrepresented the number of acres is immaterial."

■ In this state distinctions between actions at law and suits in equity, and the forms of actions and suits, are prohibited. Const. Art. 5, Sec. 1. Pleadings are liberally construed. I.C. 5-801, Fox v. Cosgriff, 64 Ida. 448, 133 P.2d 930. A statement of cause in ordinary and concise language is all that is required. I.C. 5-605. Relief will be granted in any case where the pleading and proof entitle the plaintiff

to any relief whether legal or equitable. Murphy v. Russell & Co., 8 Idaho 133, 151, 67 P. 421, 427; Anderson v. War Eagle Consol. Min. Co., 8 Idaho 789, 72 P. 671; Rauh v. Oliver, 10 Idaho 3, 77 P. 20; Bates v. Capital State Bank, 21 Idaho 141, 121 P. 561; City of Pocatello v. Murray, 21 Idaho 180, 194, 120 P. 812; Poncia v. Eagle, 28 Idaho 60, 152 P. 208; Carroll v. Hartford Fire Ins. Co., 28 Idaho 466, 154 P. 985; Gridley v. Ross, 37 Idaho 693, 217 P. 989; Casady v. Scott, 40 Idaho 137, 237 P. 415; Mosely v. Boyd, 167 Okl. 485, 30 P.2d 897; Reed v. Woodmen of the World, 94 Mont. 374, 22 P.2d 819.

■ Against the background of these statutes and decisions the complaint here must be held to state a cause of action. Whether we call it assumpsit, or one "which shall be denominated a civil action," as required by the constitutional provision above referred to, is a difference only of convenience in identification. In fact, historically assumpsit itself seems to have developed as an avenue of escape from the fetters and restrictions of the older common law forms. 4 Am.Jur. 508; Philpott v. Superior Court, supra; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; United States v. Jefferson Elec. Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859.

■ However, the plaintiff seems to have mistaken the measure of recovery available in assumpsit. On the trial, to establish the loss resulting from the fraud alleged, she offered proof to the effect that it cost her $800.00 to install an adequate sewage disposal system on the property after she acquired it. Although this may have been proper evidence to assist the jury in arriving at the amount to be allowed, it is not the true measure of recovery. The action being for money had and received, the law implies a promise to repay that portion of the purchase price paid, which would represent the reasonable value of the sewer system as represented to be a part of the property purchased. The plaintiff offered evidence of the correct measure of recovery. A witness, Fred Charlton, engaged in the real estate business and having some years of experience in the installation of private sewage systems, was asked the question:

"If the purchase price of this place as shown by the evidence was $6850.00, Mr. Charlton, what would you say that place was worth without such sewage disposal?"

While this question is not accurately framed to get at the relative portion of the purchase price which would represent the sewer system, it is directed to the correct measure of recovery. However, objection to it was sustained on the ground that the pleadings do not present such a theory of recovery.

■ The measure of recovery here applied is not to be considered as in conflict with the measure of damages in cases of fraud. Most jurisdictions have fixed the damage allowable for fraud in the sale of property, as the difference between the ac-

tual value of the property and the value it would have had if it had been as represented. However, this court has adopted the minority view that the damage allowable for fraud, is the difference between the actual value of the property and the contract price. Smith v. Neeley, 39 Idaho 812, 231 P. 105; Smith v. Johnson, 47 Idaho 468, 276 P. 320. Hence, in this jurisdiction the measure of the recovery in an action based on fraud in the sale of property, would be practically the same whether the action be pleaded in assumpsit or in tort. The same measure of recovery has likewise been applied in an action on contract for breach of warranty. Jesse M. Chase, Inc. v. Leonard, 6 Idaho 109, 203 P.2d 600.

▉ Appellant assigns as error the repetition of the issues to be determined by, the jury in the instructions above quoted. Repetition of one theory, or of one view or aspect of the case, is not approved where the effect is to give undue prominence or emphasis to such theory or view, as against others which the jury must also weigh. 53 Am.Jur. 444, 447, 449. But in this case the jury was instructed on the theory adopted by the court to the exclusion of any other theory. This was error. Jones v. Mikesh, 60 Idaho 680, 95 P.2d 575; Idaho Gold Dred. Corp. v. Boise-Payette Lumber Co., 64 Idaho 474, 133 P.2d 1017; Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796.

▉ Appellant also complains of the ruling of the court excluding an answer to the following question put to the appellant herself:

"At the time you bought this place, Mrs. Addy, had the condition as you relate been made known to you, would you have bought the place?"

Where fraud is alleged as the inducement such evidence has been held proper. Penn. Mutual Ins. Co. v. Ireton, 57 Idaho 466, 65 P.2d 1032. Complaint is also made of other rulings on evidence rendered in pursuance of the court's view that the plaintiff must prove an express contract to repay. These will not be discussed in view of the conclusion reached on the main issue.

After deliberating approximately six hours the jury was returned into court. The court, having been informed through the bailiff that the jurors were unable to agree (in the absence of, and without notice to, counsel), admonished them at considerable length to reexamine the case, the evidence, and the instructions, and each to examine his own opinion in the light of opinions and reasoning of the other jurors, and to lay aside pride of opinion, prejudice and sympathy, and to try again to agree. The record does not indicate whether the parties were present or not. This action of the court is assigned as error. I.C. 10-213 is as follows:

"After the jury have retired for deliberation, if there be a disagreement between

them as to any part of the testimony, or if they desire to be informed of any point of law arising in the cause, they may require the officer to conduct them into court. Upon their being brought into court the information required must be given in the presence of, or after notice to, the parties or counsel."

Other jurisdictions are not in accord as to whether such admonition, under the circumstances here, constitutes reversible error. See Redman & Yontz v. Gulnac, 5 Cal. 148; Mahoney v. San Francisco & S. M. Ry. Co., 110 Cal. 471, 42 P. 968, 43 P. 518; Hrovat v. Cleveland R. Co., 125 Ohio St. 67, 180 N.E. 549, 84 A.L.R. 215 and note 220; Little v. United States, 10 Cir., 73 F.2d 861, 96 A.L.R. 889 and note 899; Hutchins v. Haffner, 63 Colo. 365, 167 P. 966, L.R.A.1918A, 1008; Peterson v. Rawalt et al., 95 Colo. 368, 36 P.2d 465; Sibley v. Kansas City Cotton Mills Co., 85 Kan. 256, 116 P. 889; Burton v. Neill, 140 Iowa 141, 118 N.W. 302, 17 Ann.Cas. 532. The admonition given in this case, in itself, seems to be entirely harmless, and in fact proper. But the propriety of giving it without the presence of, or notice to, counsel may be subject to question. However, since this case must be sent back for a new trial on other grounds, it is deemed unnecessary to determine whether the action of the court in admonishing the jury under the circumstances, standing alone would require a reversal.

The judgment and order appealed from are reversed, and a new trial ordered. Costs to appellant.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.